James COLEMAN, Plaintiff-Appellant-Petitioner,

v.

CITY OF MILWAUKEE, a municipal body corporate,
Defendant-Respondent.

Supreme Court

*No. 80–2157. Argued April 26, 1982.—Decided June 2, 1982.*

(Also reported in 319 N.W.2d 863.)

For the plaintiff-petitioner there was a brief (in court
of appeals) by *Nathaniel Rothstein* and *Jan B. Eder*,
both of Milwaukee, and oral argument by *Mr. Eder*.

For the defendant-respondent the cause was argued
by *Joseph H. McGinn*, principal assistant city attorney,
with whom on the brief (in court of appeals) was *James
Brennan*, city attorney.

STEINMETZ, J.   The single issue presented in this
case is whether the applicable statutory limitation period
for a claim alleging municipal liability for a motor ve-
hicle accident is governed by the rule announced in
*Gutter v. Seamandel*, 103 Wis. 2d 1, 308 N.W.2d 403
(1981). We conclude that *Gutter* is controlling and ac-
cordingly reverse the decision of the court of appeals.

Briefly, the record reflects the following procedural chronology. An accident occurred on January 21, 1977, involving the plaintiff's vehicle and a vehicle driven by a city of Milwaukee agent. The plaintiff served a claim for damages upon the city on September 1, 1978. There is no evidence that the city ever acted on that claim, and the plaintiff never received notice of disallowance of the claim. The plaintiff commenced this action on July 10, 1980.

The city moved to dismiss the complaint on the grounds that it was not timely filed in accordance with sec. 345.05, Stats. 1975.[1] The plaintiff argued that sec. 62.25, Stats. 1975,[2] which requires service of notice of

---

[1] Sec. 345.05, Stats. 1975, provided in relevant part:

"345.05 **State and municipal liability for motor vehicle accidents.** . . .

"(3) The manner and form of and the place for filing claims shall be:

". . .

"(c) If against any city, as provided in s. 62.25, with the city clerk.

". . .

"(4) Failure of the governing body to pass upon the claim within 90 days after presentation constitutes a disallowance. Disallowance by the governing body bars any action founded on the claim unless brought within 6 months after disallowance. Actions against the state and payment of the amount recovered shall be as provided in ss. 285.01 and 285.04. For the purposes of this section, judgments against municipalities shall be certified, filed and collected as provided in s. 66.09 whether named therein or not. . . ."

[2] Sec. 62.25, Stats. 1975, provided in relevant part:

"62.25 **Claims and actions.** (1) CLAIMS. (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within 90 days after presentation is a disallowance.

". . .

"(c) The clerk shall cause to be served on the claimant notice of any disallowance if the claimant in writing furnished the address of his usual place of abode. The notice shall be served by a police

disallowance upon the claimant to trigger the six-month limitation period, was applicable because sec. 345.05(3) incorporated the provisions of that section by reference. The city contended that sec. 345.05, which did not require service of notice of disallowance as a triggering mechanism, was controlling, and therefore, the six-month limitation period began 90 days after presentation of the claim and expired prior to the plaintiff's commencement of this action. The circuit court granted the city's motion and dismissed the action.

The issue presented to the court of appeals was whether the circuit court correctly concluded that sec. 345.05, Stats. 1975, rather than sec. 62.25, was controlling.[3] The court of appeals affirmed the circuit court's dismissal of the action in a decision dated and released July 9, 1981. This court, however, had discussed and resolved the issue concerning the interplay between secs. 345.05 and 62.25, just prior to the release of the court of appeals opinion in this case. *See, Gutter v. Seamandel, supra,* at 19–26, decided June 30, 1981.

officer, without fees, in the manner of service of summons. If the claimant be a nonresident and he furnished the address of his usual place of abode, the notice shall be sent to such address by registered mail and receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service.

". . .

"(e) Disallowance by the council shall bar any action founded on the claim unless brought within 6 months after service of notice of disallowance, or after disallowance if the address was not furnished as aforesaid. . . ."

[3] The statutes at issue have been repealed or revised, and the present problem of statutory construction does not arise under the new statutory scheme. Sec. 62.25(1)(e), Stats. 1975, was repealed by ch. 285, Laws of 1977, effective November 8, 1978. Sec. 345.05, Stats. 1975, was revised by ch. 285, Laws of 1977, effective November 8, 1978, and no longer states the time within which an action must be brought against the city. Sec. 895.43(1)(b), Stats. 1977, provides that as of November 8, 1978, no action on a claim against the city or the employee may be brought after six months from the date of service of the notice of disallowance.

In *Gutter*, this court specifically addressed the statutory construction problem at issue in the case at bar and concluded that sec. 62.25, Stats. 1975, was controlling. In accord with that conclusion, notice of disallowance was required to trigger the six-month statutory limitation period.

For the reasons set forth in *Gutter, supra,* at 19–26, sec. 62.25(1)(e), Stats. 1975, governs this action. Since no notice of disallowance was received by the plaintiff in the present case, the six-month limitation period was not triggered, and this action was timely commenced pursuant to the relevant statutory subsections.

Thus, we conclude that the circuit court erred in dismissing the action and the court of appeals erred in deciding the issue contrary to *Gutter*. We accordingly reverse the decision of the court of appeals and remand this matter to the circuit court for proceedings on the merits.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court for further proceedings not inconsistent with this decision.

CECI, J., took no part.