IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John P. TIEFENTHALER, Attorney at Law.

Supreme Court

*No. 83–1005–D. Filed December 5, 1984.*
(Also reported in 358 N.W.2d 292.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee, the Honorable W.L. Jackman, Reserve Judge, recommended that the license of Attorney John P. Tiefenthaler be suspended for a period of six months for unprofessional conduct consisting of neglect of clients' legal matters, failure to refund the unearned portion of a client's retainer upon withdrawal from representation, failure to return client papers and property upon discharge by the client, failure to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) in the course of its investigation of grievances made against him, and the false notarization of two affidavits and submission of those affidavits in court on behalf of a client in the course of a civil action. The referee also recommended that Attorney Tiefenthaler be ordered to pay the costs of the disciplinary proceeding and that he be ordered to forthwith

return all records and files of 21 former clients. We accept the referee's recommendations for discipline.

Attorney Tiefenthaler was admitted to practice law in Wisconsin in 1976 and practices in Milwaukee. The Board's original complaint alleging 21 counts of unprofessional conduct was amended to include 18 additional counts. By his answer, Attorney Tiefenthaler admitted the allegations of 18 of the 39 counts, namely, three counts of neglect of legal matters, one count of failing to refund the unearned portion of a client's retainer upon withdrawal from representation, one count of failure to return client papers and property upon discharge, and 13 counts of failing to respond to Board inquiries.

In response to the Board's motion for judgment on the pleadings as to those admitted counts of unprofessional conduct, the Honorable Franklin W. Clarke, the referee to whom this matter was originally assigned, recommended that Attorney Tiefenthaler's license be suspended for a period of 90 days and that he be required to pay the costs of the proceeding to date. We issued an order to show cause why Attorney Tiefenthaler's license to practice law should not be suspended pending termination of the disciplinary proceeding and why he should not be required to pay the costs of the proceeding incurred from its commencement to the date on which the referee's report was filed, but Attorney Tiefenthaler did not respond. By order of June 12, 1984, we suspended Attorney Tiefenthaler's license to practice law, effective July 1, 1984, pending termination of the disciplinary proceeding and ordered him to pay the costs of the proceeding incurred through March 14, 1984, in the amount of $3,762.61.

At the disciplinary hearing held on June 6, 1984, the Board filed a stipulation and, pursuant to it, a second amended complaint, together with Attorney Tiefenthaler's answer to it. The second amended complaint

consolidated most of the unadjudicated counts set forth in the Board's first amended complaint and eliminated some others. The second amended complaint consisted of three claims: that Attorney Tiefenthaler engaged in a pattern of neglect of legal matters entrusted to him, in violation of SCR 20.32(3), with respect to 14 named clients; that Attorney Tiefenthaler engaged in a pattern of not responding at all or not responding timely to Board requests for information concerning the grievances of 10 named clients, in violation of SCR 22.07(2) and 21.03(4); and that in the course of representing a client in a civil action in Milwaukee county circuit court, Attorney Tiefenthaler falsely notarized two affidavits as having been sworn to and subscribed before him and submitted those affidavits to the court as authentic in support of his client's position on a summary judgment motion. In his answer to the second amended complaint Attorney Tiefenthal admitted all three claims of unprofessional conduct. The Board stipulated that it would recommend to the referee that Attorney Tiefenthaler's license be suspended for six months for all unprofessional conduct, including those counts which had been the subject of our June 12, 1984 order suspending Attorney Tiefenthaler's license pending termination of this proceeding.

Following the death of Referee Franklin W. Clarke, the matter was assigned to the Honorable W.L. Jackman, Reserve Judge, as referee. On the basis of Attorney Tiefenthaler's admissions to the Board's allegations of unprofessional conduct, Referee Jackman recommended that Attorney Tiefenthaler's license be suspended for a period of six months, that he be required to pay the costs of the disciplinary proceeding, and that he be ordered to return all records and files of 21 named clients. However, the referee did not address the issue concerning the commencement of that suspension. We accept the recommendation for discipline.

Because the six-month suspension to which the Board had stipulated was explicitly "for all admitted violations including those on which the referee has already recommended a 90 day suspension," it is appropriate that the six-month suspension as discipline for the totality of Attorney Tiefenthaler's misconduct be deemed to have commenced on July 1, 1984, the date on which we suspended his license pending termination of this proceeding.

IT IS ORDERED that the license of Attorney John P. Tiefenthaler to practice law in Wisconsin is suspended for a period of six months, commencing July 1, 1984.

IT IS FURTHER ORDERED that within 90 days of the date of this order Attorney John P. Tiefenthaler pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding incurred after March 14, 1984, in the amount of $1,229.16, provided that if the costs are not paid within the time specified and absent a showing by Attorney Tiefenthaler of his inability to pay those costs within the time specified, the license of Attorney John P. Tiefenthaler to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that within 30 days of the date of this order Attorney John P. Tiefenthaler return all records and files of the 21 persons named in Referee Jackman's report in this matter, provided that if the records and files are not returned within the time specified and absent a showing by Attorney Tiefenthaler of his inability to return them, the license of Attorney John P. Tiefenthaler to practice law in Wisconsin shall be suspended until further order of the court.