Mary SMITH, Plaintiff-Respondent-Petitioner,

v.

MILWAUKEE COUNTY and Milwaukee Transport Services, Inc., Defendants-Appellants.

Supreme Court

*No. 87–1686. Argued March 28, 1989.—Decided May 31, 1989.*

(Also reported in 440 N.W.2d 360.)

For the plaintiff-respondent-petitioner there were briefs by *Theodore C. Seraphim* and *Theodore C. Seraphim, S.C.,* Milwaukee, and oral argument by *Nancy J. Meissner* of *Riordan, Crivello, Carlson & Mentkowski,* Milwaukee.

For the defendants-appellants there was a brief by *Gregory J. Cook, Michael J. Hicks,* and *Kasdorf, Lewis & Swietlik, S.C.,* Milwaukee, and oral argument by *Mr. Cook.*

WILLIAM A. BABLITCH, J. Mary Smith (Smith) petitions this court to review a decision of the court of appeals which held that a tort action filed in circuit court by her against defendants Milwaukee County and Milwaukee Transport Services, Inc., was barred by the six month limitations period of sec. 893.80(1)(b), Stats. Smith failed to file a circuit court

action within six months after her original notice of claim had been disallowed by the defendants. She instead filed a second claim with the defendants for the same injury, and, after it was deemed disallowed, subsequently filed that action in circuit court. Because her original claim was in essence a legal nullity, we conclude that the statute of limitations does not require dismissal of Smith's circuit court action. Accordingly, we reverse the decision of the court of appeals.

On May 4, 1983, Smith's automobile was involved in a collision with a Milwaukee bus. On January 4, 1984, Smith served a "Notice of Injury and Claim Form" on the county demanding $2,000,000.00 as a result of the accident. The demand did not include an itemization of the claimed damages. The Milwaukee Board of Supervisors (the board) disallowed the claim on January 19, 1984, and a notice of disallowance was served on Smith on January 23, 1984.

Smith filed a second "Notice of Claim Form" on June 24, 1984. This claim was essentially identical to the first but included an itemization of damages. The board took no action on this claim and Smith filed a complaint in circuit court on November 26, 1984.

The defendants filed a motion to dismiss on the grounds that Smith's circuit court action was barred by the limitations period of sec. 893.80(1)(b), Stats, because it was not filed within six months of the disallowance of the original claim. The trial court denied the motion holding that the original claim contained an insufficient itemization of damages and was thus a legal nullity freeing the claim from the limitations period of sec. 893.80(1)(b). After a petition for leave to appeal the nonfinal order was denied, the case went to trial where the defendants stipulated to liability and damages in the amount of $50,000.00, the

statutory limit under sec. 893.80(3). Judgment was entered on the stipulation and the defendants appealed.

The court of appeals reversed and remanded for dismissal of the action. The court held that her action was barred because Smith filed her civil action in circuit court more than six months after service of the board's disallowance of the original claim. The court of appeals concluded that the underlying sufficiency of the original claim was immaterial to the triggering of the time limits of sec. 893.80(1)(b), Stats.

We granted Smith's petition for review to resolve the issue whether the limitations period prescribed in sec. 893.80(1)(b), Stats., operates to require the dismissal of Smith's action. This issue presents a question of law which we will decide independently of the lower courts' decisions. *See Ball v. District No. 4, Area Board.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

We reverse the decision of the court of appeals. We conclude that sec. 893.80(1)(b), Stats., does not require dismissal of the action under the unusual facts of this case. We agree with the trial court that the original claim was insufficiently itemized under the prevailing case law. It was in essence a legal nullity, thereby freeing Smith from the obligation to file her lawsuit within six months of the initial disallowance.

The purpose of the "notice of claim" statute, sec. 893.80, Stats., cited below,[1] is to afford counties and

---

[1]**893.80 Claims against governmental bodies or officers, agents or employes; notice of injury; limitations of damages and suits. (1)** Except as provided in sub. (1m), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent, or employe of the corporation, subdivision or agency for acts done in

other governmental units an opportunity to investigate and amicably compromise claims without litigation. *Patterman v. Whitewater,* 32 Wis. 2d 350, 357, 145 N.W.2d 705 (1966). In furtherance of this purpose sec. 893.80 requires that a written notice of the circumstances of the claim be given within 120 days after the event giving rise to the claim, as well as a claim containing "an itemized statement of the relief sought."

Section 893.80(1)(b), Stats., further provides that if a properly filed notice of circumstances and claim is disallowed, the claimant must bring a civil action within six months of the service of the disallowance or be barred. The absence of county action upon a claim

their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent, or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe; and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. No action on a claim against any defendant fire company, corporation, subdivision or agency nor against any defendant officer, official, agent or employe, may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect.

within 120 days is deemed a disallowance, also permitting a civil action to be filed in circuit court. *Id.*

The initial question in the present case is whether Smith's original notice of claim was inadequate for failing to contain an "itemized statement of the relief sought." If so, the question then is whether the deficiency rendered the original claim legally void for purposes of the six month limitations period.

In order to understand the parties' arguments, it is helpful at the outset to note the timing of two decisions which affected the claim. On November 11, 1983, the court of appeals issued its decision in *Figgs v. City of Milwaukee,* 116 Wis. 2d 281, 342 N.W.2d 254 (Ct. App. 1983) (*Figgs I*). In that case, the court concluded that a claim demanding a lump sum with no itemization of what the amount represented was defective under sec. 893.80(1)(b), Stats. The court held that the effect of such a failure was to deprive the trial court of subject matter jurisdiction and to require dismissal of the action. *Id.* at 285.

This court reversed that decision on November 27, 1984. *See Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 357 N.W.2d 548 (1984) (*Figgs II*). We concluded that sec. 893.80, Stats., does not require a specific itemization of relief where only one type of remedy is sought. For instance, if only money damages are requested, a statement of the amount sought is sufficient to satisfy the purpose of the statute. *Id.* at 53.

Both parties agree that the claim originally filed by Smith, footnoted below, was sufficient under *Figgs II.*[2]

---

[2]The substance of Smith's claim was as follows:

PLEASE TAKE NOTICE that satisfaction for such injuries or damages is claimed and that at present this demand is in the sum of *$2,000,000.00,* but that in the event such injuries become

Smith stated a dollar amount in her notice of claim, and it is apparent that the relief Smith sought was a judgment for money damages. However, the twist here is that Smith filed the original notice of claim on January 4, 1984, over ten months prior to the *Figgs II* decision and less than two months after *Figgs I.*

Smith's original claim was inadequate under *Figgs I* because the lump sum claim for damages was not a sufficient itemization of the relief sought. We have stated that if the language of a statute deals with the commencement of an action, the failure to comply with its provisions before the suit is brought requires that the complaint be dismissed. *See Hucko v. Jos. Schlitz Brewing Co.,* 100 Wis. 2d 372, 381–82, 302 N.W.2d 68 (1981) (quoting *Rabe v. Outagamie County,* 72 Wis. 2d 492, 499, 241 N.W.2d 428 (1976).

The plain language of sec. 893.80(1), Stats., provides "no action may be brought or maintained" unless a claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate person and disallowed. At the time Smith filed her original action, *Figgs I* was in effect. Had Smith brought an action in circuit court based upon her deficient claim, it could not have survived a motion to dismiss based upon the court of appeals' decision in *Figgs I.* The claim for all practical purposes was a legal nullity. It was, as the trial court stated, the same as if no claim had been filed at all.

The defendants argue that there is no provision in the statute for the filing of second claims. They insist that sec. 893.80, Stats., required Smith to commence an

progressively worse, or any partial permanent disability results, the amount demanded will be increased in accordance with the severity and permanency of the injuries.

940

action within six months of the initial disallowance even though she knew the claim was insufficient and subject to dismissal. They argue that while the action may well have been dismissed, the dismissal would have been without prejudice and Smith "could have started over and done it right."

We are unpersuaded. We agree with the well-reasoned opinion of the circuit court, Judge Lampone, who stated:

> To require a lawyer to file an action which he knows will be dismissed, to attempt an amendment which he knows will face objection, and to file a second action to cover all conceivable Court rulings on the issue not only is unreasonable, it runs contrary to the policy of discouraging unproductive use of court time. This is not a situation, as suggested by the defense, where a party is simply flouting the six-month limitation requirement by filing a second Claim. The two Claims were different in nature—one was not a claim within the meaning of the statute as construed by the Court of Appeals at the time in question [under *Figgs I*] and the second was a valid claim. Under the unusual facts of this case, the plaintiff's ability to present her case in court ought not to be denied because she chose the route of filing a second Claim rather than the uncertain alternative of amendment.

Smith sought to provide the board an opportunity to consider a properly presented claim under the law as interpreted by *Figgs I* by filing a second claim on June 24, 1984. By so doing, the purpose of the statute was better served than by proceeding on the first claim.

Moreover, the defendants' argument fails to comport with this court's policy of preserving viable claims. In looking at the requirements of the notice of claim statute, "'[a] construction which preserves a *bona fide* claim so that it may be passed upon by a competent

tribunal is to be preferred to a construction which cuts it off without a trial.'" *Gutter v. Seamandel,* 103 Wis. 2d 1, 11, 308 N.W.2d 403 (1981). An application of the limitations period so as to bar Smith's cause of action would not preserve Smith's claim, but rather would inappropriately result in the claim being cut off from trial.

Finally, the defendants argue that *Figgs I* was decided before Smith filed her original notice of claim on January 4, 1984. The defendants assert that Smith knew or should have known of the requirements of *Figgs I* before she filed her claim and Smith's failure to comply with its mandate should not relieve her from the operation of the statute of limitations.

The defendants' argument might be more persuasive had a greater time span elapsed between the date of the decision in *Figgs I* and Smith's filing of her first notice of claim. It is unclear from the record in this case when the court of appeals' decision was published. However, it is likely that it appeared only a short time, if at all, before the January 4, 1984 date. Under these circumstances, we decline to fault Smith for failing to initially comply with the *Figgs I* decision.

Accordingly, we conclude that the six month time period did not begin to run until the deemed disallowance of her second claim filed in the form required by *Figgs I.* The limitations period prescribed in sec. 893.80(1)(b), Stats., does not operate to require dismissal of the action under the unusual facts of this case. The decision of the court of appeals is reversed and the judgment of the trial court is reinstated.

*By the Court.*—The decision of the court of appeals is reversed.