Melody LINSTROM, n/k/a Melody Kleinschmidt,
Plaintiff-Appellant,

v.

Linda CHRISTIANSON, Richard Kammerud, Polk
County, a municipality, and Polk County Department
of Social Services, Defendants-Respondents,

UNITY JOINT SCHOOL DISTRICT, Defendant.

Court of Appeals

*No. 90–1948. Oral argument February 21, 1991.—Decided
March 5, 1991.*

(Also reported in 469 N.W.2d 189.)

635

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Cindra R. Carson* of *Hertel, Carson, White, Schilling & Barr, S.C.* of Eau Claire.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Webster A. Hart* of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Melody Linstrom, now known as Melody Kleinschmidt, appeals a summary judgment in favor of Linda Christianson, Richard Kammerud, Polk County and the Polk County Department of Social Services (collectively the county).[1] Kleinschmidt's suit against the four defendants was dismissed for failure to commence an action within six months from the date her claim was "deemed disallowed" under sec. 893.80(1)(b), Stats. Because the six-month limitation period under sec. 893.80(1)(b) does not begin to run until service of a notice of disallowance by the affected governmental body, and because the county did not serve such a notice of disallowance, we conclude that the trial court erred by granting summary judgment. We reverse.

The particular statutory limitation period at issue here is sec. 893.80(1)(b), Stats., which provides:

> [N]o action may be brought or maintained against [a governmental unit or employee] upon a claim or cause of action unless:
>
> . . ..
>
> (b)   A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the [governmental unit] and the claim is disallowed. Failure of the appropriate body to disallow within 120

---

[1]We granted Unity Joint School District's motion to dismiss Kleinschmidt's appeal as to the school district for failure to file a timely notice of appeal. Section 809.10(1)(b), Stats.

days after presentation is a disallowance. Notice of disallowance *shall be served* on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. *No action on a claim* against any [governmental unit or employee] *may be brought after 6 months from the date of service of the notice,* and the notice shall contain a statement to that effect. (Emphasis added.)

Kleinschmidt filed a claim and notice of claim with the Polk County clerk on October 14, 1988. The county agrees that it did nothing upon receiving this notice, and that it did not serve a notice of disallowance on Kleinschmidt. The trial court ruled that the 120-day time period mentioned in the statute "expired" on February 13, 1989, and that Kleinschmidt had six months from that date or until August 14, 1989 to file her action. Because she did not file her action in circuit court until August 15, the court dismissed the action with prejudice.

Whether the limitations period prescribed in sec. 893.80(1)(b), Stats., requires dismissal of an action where the underlying facts are undisputed is a question of law that we review de novo. *Smith v. Milwaukee County,* 149 Wis. 2d 934, 937, 440 N.W.2d 360, 361 (1989). The threshold question to be addressed when construing statutes is whether the language of the statute is ambiguous. *Standard Theatres, Inc. v. DOT,* 118 Wis. 2d 730, 740, 349 N.W.2d 661, 667 (1984). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Id.* When a statute is clear on its face, we will not look beyond the language of the statute in applying it. *Rubi v. Paige,* 139 Wis. 2d 300, 306, 407 N.W.2d 323, 326 (Ct. App. 1987).

We conclude that the language of sec. 893.80(1)(b), Stats., is unambiguous. The statute provides that a "disallowance" occurs after 120 days elapse without service of a notice of disallowance, but attaches no limitation period to actions commenced after this deemed "disallowance." On the other hand, the statute clearly requires that a notice of disallowance be served to trigger the six-month statute of limitations. This notice of disallowance "shall be served on the claimant," and no action "may be brought after 6 months *from the date of service* of the notice." (Emphasis added.)

Wisconsin case law supports our reading of the statute. The limitation statutes construed in *Coleman v. City of Milwaukee,* 107 Wis. 2d 528, 319 N.W.2d 863 (1982), and *Gutter v. Seamandel,* 103 Wis. 2d 1, 308 N.W.2d 403 (1981), are secs. 345.05(4) and 62.25(1)(e), Stats. (1975).[2] Both *Gutter* and *Coleman* dealt with claims stemming from automobile accidents where municipal liability was alleged. At issue was which of two arguably applicable statutes of limitations applied.

Section 345.05(4), Stats. (1975), provided as follows: "Failure of the governing body to pass upon the claim within 90 days after presentation constitutes a disallowance. *Disallowance by the governing body bars any action founded on the claim unless brought within 6 months after disallowance.*" (Emphasis added.) Section 62.25(1)(e), Stats. (1975), provided that "[d]isallowance by the council shall bar any action founded on the claim unless brought *within 6 months after service of notice of*

---

[2]Section 345.05 was entitled "State and Municipal Liability for Motor Vehicle Accidents" and sec. 62.25 was part of chapter 62 entitled "Cities, General Charter Law." *See Gutter,* 103 Wis. 2d at 21, 308 N.W.2d at 413.

*disallowance,* or after disallowance if the address was not furnished as aforesaid." (Emphasis added.)

In both *Gutter* and *Coleman,* the supreme court held that sec. 62.25(1)(e), Stats., controlled, and that the six-month limitation period did not commence until after the service of the notice of disallowance. The *Coleman* court noted that:

> The statutes at issue have been repealed or revised, and the present problem of statutory construction does not arise under the new statutory scheme . . .. [The new limitation statute] provides that . . . no action on a claim against the city or the employee may be brought after six months from the date of service of the notice of disallowance.

*Id.* at 530 n.3, 319 N.W.2d at 864 n.3.[3] These cases, then, both support the interpretation that the six-month limitation period commences only on the date of service of the notice of disallowance, and embody an expression of public policy against the application of such a limitation period commencing when a claim is "deemed disallowed."

---

[3]The subsequent history of the two statutes interpreted in *Gutter* and *Coleman* is as follows: In 1977, sec. 62.25(1) was repealed and recreated to read: "*Claims.* No action may be brought or maintained against a city upon a claim or cause of action unless the claimant complies with s. 895.43." Section 4, ch. 285, Laws of 1977. Section 895.43 was then recreated to deal with limitations on claims against governmental bodies or officers, agents or employees. Section 11, ch. 285, Laws of 1977. In 1979, sec. 895.43 was renumbered sec. 893.80. Section 29, ch. 323, Laws of 1979. Section 345.05(4) was amended to remove any time limit on actions brought against the city. Section 774, ch. 221, Laws of 1979. Our present sec. 893.80, then, is substantially the same as the sec. 62.25 interpreted by the supreme court in *Gutter* and *Coleman.*

The one interpretive decision which at first glance appears at odds with our construction of sec. 893.80(2)(b), Stats., is *Smith*. *Smith* did not overrule *Gutter* or *Coleman*. Instead, the *Smith* court fashioned relief for a plaintiff confined to what the court twice termed the "unusual facts of this case." *Id.* at 937, 942, 440 N.W.2d at 361, 364.

In *Smith*, the plaintiff had filed a notice of circumstances and claim which was inadequate under the controlling court of appeals decision, *Figgs v. City of Milwaukee*, 116 Wis. 2d 281, 342 N.W.2d 254 (Ct. App. 1983), *rev'd*, 121 Wis. 2d 144, 357 N.W.2d 548 (1984). Smith was notified of the disallowance of this claim, but opted to file a second claim which would be adequate under *Figgs*, rather than proceeding with a court action under the first inadequate claim. The county never responded to the second claim. The county argued that Smith's claim was barred six months after it mailed her the notice of disallowance of her first claim. The supreme court disagreed and held that *under these facts,* the first claim and disallowance were a nullity and the limitation period ran from the deemed disallowance of her second claim. *Smith,* 149 Wis. 2d at 940–42, 440 N.W.2d at 363.

The *Smith* court, early in its opinion, provided a view of the statute consistent with our interpretation here. The court held that:

> Section 893.80(1)(b), Stats., further provides that if a properly filed notice of circumstances and claim is disallowed, the claimant must bring a civil action within six months of the *service* of the disallowance or be barred. The absence of county action upon a claim within 120 days is deemed a disallowance, also permitting a civil action to be filed in circuit court.

*Id.* at 938–39, 440 N.W.2d at 362 (emphasis added). This language indicates that a claimant must file an action in circuit court within six months of the service of a notice of disallowance. The absence of county action within the 120-day period granted to the governmental body for response also permits an action to be filed in circuit court. The court did not indicate at this point in its opinion that the 120-day response period triggered any limitation on a subsequent action.

In *Smith,* the supreme court did not address the specific issue of whether service of notice is required to reduce the applicable limitation period to six months. Rather, its holding concerned only the effect of a notice to an invalid first claim and the validity of a second claim. The court cited *Gutter* for the proposition that "[i]n looking at the requirements of the notice of claim statute, '[a] construction which preserves a bona fide claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without a trial.' " *Smith,* 149 Wis. 2d at 941–42, 440 N.W.2d at 363 (quoting *Gutter,* 103 Wis. 2d at 11, 308 N.W.2d at 408). The holding in *Smith* should not now be used to achieve the opposite purpose.

We conclude that the final holding of *Smith,* that "the six month time period did not begin to run until the deemed disallowance of her second claim," *id.* at 942, 440 N.W.2d at 363, was limited to the peculiar facts of that case. Where, as here, only one claim is filed, and the governmental body affected does not serve a notice of disallowance, *Gutter* and *Coleman* apply, and the six-

month limitation period in sec. 893.80(1)(b), Stats., is not triggered. The judgment of the trial court is reversed.

*By the Court.*—Judgment reversed.