SEVERSON AGRI-SERVICE, INC., Plaintiff-Respondent,

v.

Roland LANDER, and Doris Lander, Defendants-Appellants.

Court of Appeals

*No. 92-1277-FT. Submitted on briefs August 18, 1992.—Decided October 8, 1992.*

(Also reported in 493 N.W.2d 230.)

For the defendants-appellants the cause was submitted on the briefs of *Burleigh A. Randolph* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Philip C. Stittleburg* of *Jenkins and Stittleburg* of La Farge.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J. Roland and Doris Lander appeal from a money judgment in favor of Severson Agri-Service, Inc. (Severson) on its breach of contract claim. The sole issue on appeal is whether Severson may recover interest at a rate of two percent per month on the unpaid balance of the Landers' open-end credit account. We conclude that because Severson failed to comply with the disclosure requirements of secs. 422.302(2) and 422.308(1) and (2), Stats., Severson may only recover interest at the statutory rate of five percent per annum under sec. 138.04, Stats. Therefore, we reverse and direct the trial court to recalculate the interest accordingly.

## I.

The parties stipulated to the facts. Between 1988 and 1991, the Landers purchased farm supplies from Severson on credit, incurring a debt of $43,966.69. They paid $38,730.10, leaving an unpaid balance of $5,236.59. Severson sent the Landers periodic statements of their account providing that "a finance charge of 2% per month ... will be added to all accounts not paid by the due date." The Landers never signed any agreement as to that or any other interest or late charge. Nor did they object to the statements of account until shortly before Severson sued them.

Section 138.04, Stats., provides for a five percent annual interest rate on loans, unless the parties have contracted in writing for a higher rate. The trial court held that Severson's statements of account became a written interest rate contract after the Landers failed to object to them. The court rejected the Landers' argument that the Wisconsin Consumer Act, chs. 421-427, Stats., voids interest rate agreements not signed by the customer.

## II.

The construction of a statute in relation to a given set of facts is a question of law which we review *de novo. Ervin v. City of Kenosha,* 159 Wis. 2d 464, 472, 464 N.W.2d 654, 657 (1991). When construing statutes, the threshold question is whether the language of the statute is ambiguous. *Linstrom v. Christianson,* 161 Wis. 2d 635, 638, 469 N.W.2d 189, 190 (Ct. App. 1991). When a statute is clear on its face, we will not look beyond its language in applying it. *Id.*

## III.

The Landers argue that Severson's finance charge is not enforceable because they never signed an agreement which provided for such a charge. We disagree. The Landers rely on secs. 422.302(3) and 422.305(1), Stats., and *Footville State Bank v. Harvell,* 146 Wis. 2d 524, 432 N.W.2d 122 (Ct. App. 1988).

Section 422.302(3), Stats., states in relevant part:

> Before any payment is due, the creditor shall furnish the customer with an exact copy of each instrument, document, agreement and contract which is signed by the customer and which evidences the customer's obligation.

While the Landers infer a requirement that all agreements covering interest or finance charges must be signed by the customer, it is clear from the language of the statute that the statute is intended only to govern creditors' actions in those cases in which a signed agreement does in fact exist.

■ The Landers' reliance on sec. 422.305(1), Stats., is similarly misplaced. The statute provides that a person is not liable on a consumer credit transaction unless that person has signed a consumer credit agreement, or a guaranty instrument, and has received a copy of each document that the customer has signed. We previously interpreted this statute and held that it unambiguously applied only to guarantors and not to customers such as the Landers. *See Grand River Coop. v. Terbeest,* 145 Wis. 2d 173, 178-79, 426 N.W.2d 68, 70 (Ct. App. 1988). Because we have concluded that the statute is unambiguous, we do not address the Landers' arguments concerning its legislative history. *See Linstrom,* 161 Wis. 2d at 638, 469 N.W.2d at 190.

Finally, the facts in *Harvell* differ significantly from the case at bar, and our holding in that case is not as broad as the Landers maintain. In *Harvell,* the defendant operated a farm with his son. It was the son who signed the defendant's credit card application and who purchased the supplies charged to the defendant's account. While we concluded that the assignee bank could not collect interest at the contractual rate under an agency theory, we did not hold that the Wisconsin Consumer Act requires all finance charge agreements in consumer credit transactions to be in writing and signed by the customer.

IV.

■ However, Severson's interest rate claim is void for lack of proper notice. Section 422.302(2), Stats., requires that when a creditor and a customer establish an open-end credit account, "all information required by this subchapter" must be disclosed "*before* the transaction is

consummated." (Emphasis added.) Under sec. 422.308(1) and (2), Stats., the required disclosures for entering into open-end credit agreements include interest rates and all charges and fees which may be levied on the account. Here, Severson stipulated that it first informed Landers of the interest rate in the statements of account, which were provided *after* the account was opened. Because such notification was untimely under secs. 422.302(2) and 422.308(1) and (2), enforcement of Severson's interest claim is barred by sec. 425.306, Stats. On remand, the trial court shall recalculate interest at five percent annually under sec. 138.04, Stats., and render judgment accordingly.

*By the Court.*—Judgment reversed and cause remanded.