97 CV 415J

Anthony D. TAYLOR, Plaintiff-Appellant,

v.

ROCK COUNTY SHERIFF'S DEPARTMENT, Howard Erickson, Holly Klotz, Officer Geeler, B. Meister, Officer Copeland, Officer Dobbs, Officer Pine and Officer Katzenmeyer, Defendants-Respondents.


97 CV 673J

Anthony D. TAYLOR, Plaintiff-Appellant,

v.

Howard ERICKSON, Rock County, Commander Barbara Barrington, Sergeant Roy Strait, Sergeant Barfnecht, Lieutenant Natter, Lieutenant Strouse and Sergeant Lalor, Defendants-Respondents.

Court of Appeals

*No. 98–2248. Submitted on a motion September 24, 1998.—Decided November 12, 1998.*

(Also reported in 588 N.W.2d 356.)

On behalf of the plaintiff-appellant, the cause was submitted on the memorandum of *Anthony D. Taylor*, pro se.

On behalf of the defendants-respondents, the cause was submitted on the memorandum of *Charmian J. Klyve,* Rock County Corporation Counsel's office, of Janesville.

*James E. Doyle*, attorney general, with *David E. Hoel*, assistant attorney general, also filed a memorandum.

Before Dykman, P.J., Eich and Vergeront, JJ.

PER CURIAM. This is a *pro se* appeal by Anthony D. Taylor, who currently resides in a state correctional institution. Certain new and amended statutes relating to litigation by prisoners became effective September 1, 1998, pursuant to 1997 Wis. Act 133. The respondents move for an order applying some Act 133 provisions to this appeal. We conclude that Act 133 does not apply to appeals that were pending on its effective date, and therefore we deny the motion.

Act 133 became effective September 1, 1998. *See* 1997 Wis. Act 133, § 44(1). Taylor filed his notice of appeal on August 3, 1998. We granted Taylor's fee

waiver petition on August 5, 1998, using our procedures as they existed before implementation of Act 133. The respondents move for an order directing Taylor to follow the Act 133 procedures for commencing an appeal without prepayment of fees. *See* § 814.29(1m), STATS., as created by 1997 Wis. Act 133, § 35. They further request that, if we find this appeal frivolous, we notify the Department of Justice pursuant to § 809.103, STATS., as created by 1997 Wis. Act 133, § 28. Taylor opposes the motion. Because the Department of Justice and Department of Corrections have certain administrative duties under Act 133, we directed them to address the motion. They have filed a joint response.

For purposes of this motion, we assume, without deciding, that this would be an appeal by a "prisoner" for purposes of applying Act 133.[1] The act first applies to "civil actions, special proceedings, injunctions and petitions for a common law writ of certiorari pending on the effective date" of the act. *See* 1997 Wis. Act 133, § 43(1). This provision does not state that the act applies to *appeals* pending on the effective date, and appeals are not expressly covered by any other provision regarding the effective date. This omission is in contrast to other parts of the act that specifically include appeals. For example, the provision creating the new procedures for prepayment of fees states that a prisoner must take certain steps when requesting leave to commence or defend "an action, special proceeding, writ of error or *appeal*." *See* § 814.29(1m)(b),

---

[1] Most of the act's provisions apply to "prisoners," as that term is defined in § 801.02(7)(a)2, STATS., as created by 1997 Wis. Act, 133, § 12. Because the definition of prisoner depends in part on the type of relief being sought, one person can be a "prisoner" and "non-prisoner" at the same time, in different proceedings.

STATS., as created by 1997 Wis. Act 133, § 35 (emphasis added).

The departments agree with our initial conclusion that Act 133 does not apply to appeals that were pending on September 1, 1998. They note that there might be some question as to whether Act 133's provisions would normally be applied retroactively in the absence of a clear legislative intent. However, they observe, in this act the legislature did clearly address that question. Act 133 provides a list of the types of pending cases to which it applies, and the list does not include appeals. Applying the maxim *expressio unius est exclusio alterius*, the departments conclude that by listing some types of cases, but not appeals, the legislature did not intend Act 133 to apply to appeals pending on its effective date. We agree. Therefore, the act applies only to appeals that were commenced by the filing of a notice of appeal on or after September 1, 1998.

Applying this result to the motion at hand, we conclude that Taylor cannot be ordered to follow the Act 133 procedures for commencing an appeal without prepayment of fees, and that, if we find the appeal frivolous, we are not required to refer the matter to the Department of Justice under § 809.103, STATS.[2] Therefore, we deny the motion.

*By the Court.*—Motion denied.

---

[2] We do not regard our opinion on this issue as premature or advisory. Once the question is raised by this motion, we believe a litigant is entitled to know, before continuing with the appeal, whether the more punitive provisions contained in Act 133 might be applied.