STATE of Wisconsin EX REL. Mark Anthony ADELL, Petitioner-Appellant,

v.

Judy SMITH, Warden, Oshkosh Correctional Institution, Respondent-Respondent. [Case No. 00–0070]

STATE of Wisconsin EX REL. Ira Lee ANDERSON, II, Petitioner-Appellant,

v.

Jane GAMBLE, Respondent-Respondent. [Case No. 00–0421]

Court of Appeals

*Nos. 00–0070, 00–0421. Submitted on a petition April 24, 2000; submitted on a motion April 28, 2000.—Decided August 16, 2000.*

2000 WI App 188

(Also reported in 618 N.W.2d 208.)

MOTION to vacate the order conditionally granting the petition to proceed without prepaying the filing fee. *Motion denied.*

On behalf of appellant Adell, the cause was submitted on the petition and memorandum of *Mark Anthony Adell,* pro se. On behalf of appellant Anderson, the cause was submitted on the memorandum of *Ira Lee Anderson, II,* pro se.

On behalf of the respondents, the cause was submitted on the memoranda and the motion of *James E. Doyle,* attorney general, and *Charles D. Hoornstra* and *Jaime Preciado,* assistant attorneys general.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. PER CURIAM. These appeals present issues concerning the application of the Prisoner Litigation Reform Act (PLRA), 1997 Wis. Act 133, to appellate procedure. Mark Anthony Adell and Ira Lee Anderson, II, filed appeals in this court. They are prisoners within the meaning of WIS. STAT. § 801.02(7)(a)2 (1997–98)[1] and petitioned to be allowed to proceed

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

without the prepayment of filing fees under WIS. STAT. § 814.29(1m). This court had not yet decided whether Adell was entitled to proceed without the prepayment of the fee. The State submitted an affidavit alleging that Adell had three dismissals within the meaning of § 801.02(7)(d), presumably so this court would conclude that Adell was not entitled to proceed without prepaying the filing fee.

¶ 2.   This court conditionally granted Anderson's petition.[2] The State then moved to vacate the order granting Anderson's petition and to dismiss his appeal, alleging that he had three dismissals within the meaning of WIS. STAT. § 801.02(7)(d). Under that section, a court must dismiss a matter if a prisoner has had three previous cases dismissed for any of the reasons set forth in WIS. STAT. § 802.05(3)(b). This is known as the "three strikes" rule. In both appeals, the third strike identified by the State is the case from which the pending appeal was taken.

¶ 3.   This court issued orders directing the parties in both cases to answer certain questions concerning the application of the PLRA. The first issue the parties were asked to address, and the dispositive issue in these appeals, is whether the three strikes rule bars an appeal in light of the language in WIS. STAT. § 801.02(7)(d) which refers to the dismissal of an "action or special proceeding" when three strikes have been accumulated. We conclude that § 801.02(7)(d) does not apply to appeals, and therefore, both Anderson and Adell are entitled to a conditional fee waiver.

---

[2] When this court conditionally grants the petition, an order is entered directing the prisoner to make a payment equal to the amount in his or her prison accounts. If the payment is not made within thirty days of the order, then the appeal is subject to dismissal. *See* WIS. STAT. RULE 809.83(2).

¶ 4. WISCONSIN STAT. § 801.02(7)(d) provides:

> If the prisoner seeks leave to proceed without giving security for costs or without the payment of any service or fee under s. 814.29, *the court shall dismiss any action or special proceeding, including a petition for a common law writ of certiorari*, commenced by any prisoner if that prisoner has, on 3 or more prior occasions, while he or she was incarcerated, imprisoned, confined or detained in a jail or prison, *brought an appeal, writ of error, action or special proceeding, including a petition for a common law writ of certiorari*, that was dismissed by a state or federal court for any of the reasons listed in s. 802.05 (3) (b) 1. to 4. The court may permit a prisoner to commence the action or special proceeding, notwithstanding this paragraph, if the court determines that the prisoner is in imminent danger of serious physical injury. (Emphasis added.)

¶ 5. The State recognizes that because the word "appeal" is not used in the first part of WIS. STAT. § 801.02(7)(d), it can be argued under the doctrine of *inclusio unius est exclusio alterius* that the statute does not bar an appeal. In other words, since "appeal" is used in the second part of the statute but not in the first, the use of the word "appeal" in the second part "impliedly excludes" appeals in the first part.

¶ 6. The State argues, however, that the rules of statutory construction require that appeals be barred because to do otherwise would not be in harmony with the statute as a whole and would defeat the legislative purpose of the statute. In support of this argument, the State asserts that there is no right to appeal without paying the filing fee, and therefore, the appellant does not lose any right if the word "appeal" is read into WIS. STAT. § 801.02(7)(d).

¶ 7.  The rules of statutory construction require that the statute be read as written. As the supreme court said recently in another PLRA case: "When a statute unambiguously expresses the intent of the legislature, we apply that meaning without resorting to extrinsic sources." *State ex rel. Cramer v. Wisconsin Court of Appeals*, 2000 WI 86, ¶ 18, 236 Wis. 2d 473, 613 N.W.2d 591; *see also Severson Agri-Serv., Inc. v. Lander*, 172 Wis. 2d 269, 272, 493 N.W.2d 230 (Ct. App. 1992) (when a statute is clear on its face, the appellate court will not look beyond its language in applying it).

¶ 8.  We conclude that there is no ambiguity in WIS. STAT. § 801.02(7)(d), and therefore, there is no need to look to other sources to determine the meaning of the statute. The statute does not include appeals in the list of matters which are subject to dismissal for the simple reason that the legislature did not intend appeals to be dismissed.

¶ 9.  This conclusion comports with an earlier decision of this court on a similar matter. In *Taylor v. Rock County Sheriff's Dep't*, 223 Wis. 2d 134, 588 N.W.2d 356 (Ct. App. 1998), this court considered whether the PLRA applied to appeals which were pending on the effective date of the act. The court considered 1997 Wis. Act 133, § 43(1), which states that the act applies to " 'civil actions, special proceedings, injunctions and petitions for common law writ of certiorari pending on the effective date' of the act." *Taylor*, 223 Wis. 2d at 136. The court concluded that this section does not state that it applies to appeals and that "[t]his omission is in contrast to other parts of the act that specifically include appeals." *Id*. The opinion further states that the State expressly conceded that "[the PLRA] provides a list of the types of pending cases to

which it applies, and the list does not include appeals. Applying the maxim *expressio unius est exclusio alterius*, the [State] conclude[s] that by listing some types of cases, but not appeals, the legislature did not intend [the PLRA] to apply to appeals pending on its effective date." *Id.* at 137.

¶ 10.   While *Taylor* considered whether the PLRA applied to appeals pending on its effective date, the same reasoning applies to WIS. STAT. § 801.02(7)(d), another section where the PLRA does not identify appeals as one of the matters covered. Since the court refused to read "appeal" into the PLRA's effective date, there is no reason why "appeal" should be read into § 801.02(7)(d).

¶ 11.   The State also argues that the language of another section of the PLRA makes clear that an appeal should be included in the list of matters which may be dismissed. The State cites to the language in WIS. STAT. § 814.29(1m)(c), which provides in relevant part:

> Except when dismissal is required under s. 801.02 (7) (d), the court shall issue an order permitting the prisoner to commence or defend an action, special proceeding, writ of error or *appeal* without the prepayment of fees or costs or without being required to give security for costs if all of the following conditions are met: . . . . (Emphasis added.)

¶ 12.   The State says that this language provides the "express language arguably excluded by implication from sec. 801.02(7)(d)."[3] The thrust of the State's argument is that since an appellate court may dismiss

---

[3] We conclude, however, that the opposite is true—WIS. STAT. § 814.29(1m)(c) supplies the implicit language which is expressly missing from WIS. STAT. § 801.02(7)(d).

under this section, then appeals must be included as matters that may be dismissed for three strikes under WIS. STAT. § 801.02(7)(d).

¶ 13. The State's reliance on WIS. STAT. § 814.29(1m)(c) is misplaced. That section of the statute is merely setting out certain conditions which a prisoner must meet in order to be allowed to proceed in "an action, special proceeding, writ of error or appeal" without the prepayment of fees. These conditions need not be met if the matter is dismissed as barred under WIS. STAT. § 801.02(7)(d), hence the language in § 814.29(1m)(c) "[e]xcept when dismissal is required under s. 801.02 (7) (d)." Rather than implicitly suggesting that an appeal may be dismissed under § 801.02(7)(d), the language simply means that the prisoner must furnish the court, including the appellate court, with the specified information except when the matter is required to be dismissed. This statute does not affect our determination that appeals are not among the matters which may be dismissed under § 801.02(7)(d).

¶ 14. The State argues that if WIS. STAT. § 801.02(7)(d) does not include appeals, then the legislative intent to curb abusive and excessive litigation is partially defeated. Implicit in this argument is that the absence of the word "appeal" from the list of matters in § 801.02(7)(d) creates an ambiguity. *See Chicago & N. W. Transp. Co. v. Office of Comm'r of Railroads*, 204 Wis. 2d 1, 7, 553 N.W.2d 845 (Ct. App. 1996) (if the language used in a statute is capable of more than one meaning, this court will determine legislative intent from the words of the statute in relation to its context, subject matter, scope, history, and the object which the legislature intended to accomplish). Even assuming that there is an ambiguity, however, we conclude that

leaving the word "appeal" out of the list furthers, rather than hinders, the legislative intent behind the PLRA.

¶ 15. If the word "appeal" is read into the list of matters which are subject to dismissal in WIS. STAT. § 801.02(7)(d), then presumably, as in this case, the State could argue that the appeal from the third strike would be subject to dismissal.[4] In Adell's response to this court he put it quite eloquently. To construe the statute the way the State argues means that appeals may be taken only from the first two strikes which "in essence, rewrites the three dismissals rule as meaning two and one-half equals three." In other words, if the case underlying the appeal is the third strike, the prisoner never gets review of whether that third strike was frivolous.

¶ 16. The State argues, however, that there is no constitutional right to a free appeal, and therefore, denying a prisoner an appeal does not deprive him or her of any right. There is, however, a statutory right to an appeal. *See* WIS. STAT. § 808.03. This section states: "A final judgment or final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law." Section 808.03(1). This statute is very broad and there is nothing in it limiting the right of a prisoner to appeal. Further, as we have already discussed, nothing in the PLRA *expressly* limits the right of a prisoner to appeal.

¶ 17. As the State argues, the purpose of the PLRA is to curb abusive and excessive litigation by prisoners. By allowing review of a determination that

---

[4] This is the second issue the parties were asked to address in *Adell*: "If an appeal is barred by the three dismissals rule, can the third dismissal be the appeal from which the appeal is taken?"

an action was frivolous, or otherwise barred by the PLRA, the statute curbs abusive litigation but does not bar legitimate litigation. If, however, the State's interpretation of the section is adopted and a review is not allowed of the dismissal of the underlying case, then the chance that a legitimate claim will be barred is increased. By excluding the word "appeal" from the list of matters which may be stricken under WIS. STAT. § 801.02(7)(d), the legislative intent is furthered rather than defeated.

¶ 18.  A third issue which the parties were asked to address is: "[I]f the three dismissals limitation applies to appeals, then must the cases which constitute those dismissals be specifically denominated as such by the court that decides them, or may this court review those decisions and decide whether they constitute dismissal under WIS. STAT. § 802.05(3)(b)?" Although we have already decided that the three strikes limitation does not apply to an appeal, we nonetheless address the issue. The parties have briefed the issue and, more importantly, the issue may arise even though an appeal is not considered a strike. We believe that guidance from this court will aid both bench and bar.

¶ 19.  WISCONSIN STAT. § 802.05 provides in relevant part:

> **(3)** (a) A court shall review the initial pleading as soon as practicable after the action or special proceeding is filed with the court if the action or special proceeding is commenced by a prisoner, as defined in s. 801.02 (7) (a) 2.
> (b)  The court may dismiss the action or special proceeding under par. (a) without requiring the defendant to answer the pleading if the court deter-

mines that the action or special proceeding meets any of the following conditions:

    1.  Is frivolous, as determined under s. 814.025 (3).

    2.  Is used for any improper purpose, such as to harass, to cause unnecessary delay or to needlessly increase the cost of litigation.

    3.  Seeks monetary damages from a defendant who is immune from such relief.

    4.  Fails to state a claim upon which relief may be granted.

¶ 20.  The issue presented is whether the court deciding the case which constitutes one of the three strikes must designate its decision as being a strike within the meaning of WIS. STAT. § 802.05(3) for it to constitute a strike under WIS. STAT. § 801.02(7)(d). We agree with the State's position that there is nothing in the statute which requires a court to specifically designate a matter as a strike. We encourage the circuit courts, however, to carefully consider the language used when dismissing matters filed by prisoners. Until recently, "failure to state a claim upon which relief may be granted" was a relatively innocuous way of telling a prisoner that he or she had lost for a variety of reasons. Now this language has a potent impact. This language is enough for the State to count the case as one of the three strikes. We ask the circuit courts to avoid boiler plate language or forms which also do not indicate the reasons for a strike in a prisoner case.

¶ 21.  If, however, a court has considered the PLRA implications of a decision, it would be helpful to all litigants, as well as to the appellate courts, if the court states whether it considers the dismissal to be of the type which constitutes à strike under the PLRA. Although the courts are not required to do so by stat-

ute, we ask that the courts state in a judgment or order whether the matter is one which was dismissed for any of the reasons listed in WIS. STAT. § 802.05(3)(b).

¶ 22. Because we have concluded that the three strikes rule does not bar either appeal, we conditionally grant Adell's petition to commence the appeal without prepayment of the filing fee. Further, we deny the State's motion to vacate the order conditionally granting Anderson's petition to proceed without prepayment of the filing fee.

By the Court.—Adell's petition to proceed without prepaying the filing fee is conditionally granted.[5]

*By the Court.*—The motion to vacate the order conditionally granting Anderson's petition to proceed without prepaying the filing fee is denied.

---

[5] This court finds the prisoner to be partially indigent because he has assets in his trust fund to partially pay the filing fee. The clerk of the court of appeals will issue an order specifying the amount to be paid and explaining the conditions upon which the petition is granted.