NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021[*]
Decided June 14, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2301

| | |
|---|---|
| LEE KNOWLIN, *Petitioner-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-cv-261-pp |
| LIZZIE TEGELS, Warden, *Respondent-Appellee*. | Pamela Pepper, *Chief Judge*. |

**O R D E R**

Lee Knowlin, a Wisconsin prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He contends, among other things, that the state violated his Sixth Amendment right to confrontation when it relied on hearsay statements to revoke his parole. Because the district court correctly ruled that Knowlin procedurally defaulted his claims, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Knowlin was paroled in 2017 after serving most of a 20-year sentence for armed burglary. A year later, the Wisconsin Department of Corrections sought to revoke his parole because of several rule violations. After a hearing, an administrative law judge with Wisconsin's Division of Hearings and Appeals found that Knowlin had violated several terms of his parole (by sexually assaulting and sex-trafficking three women, changing both his job and his legal name without notifying his parole officer, failing several drug tests, and not reporting for supervision). The ALJ revoked Knowlin's parole and recommitted him for the nearly four years that remained on his prison term.

Knowlin unsuccessfully appealed to the administrator of the Division of Hearings and Appeals. He admitted that he failed to report to his parole officer but argued that the state had not proved the remaining violations and, moreover, that the ALJ had denied his Sixth Amendment right to confront his accusers at the parole-revocation hearing. The administrator denied the appeal, finding that the ALJ's decision was supported by a preponderance of evidence.

Under Wisconsin law, a prisoner seeking judicial review of the denial of an administrative appeal of a parole revocation must file a certiorari petition in the state trial court. *See* Wis. Stat. § 801.02(7)(b); *Prison Litig. Reform Act in State ex rel. Cramer v. Schwarz*, 613 N.W.2d 591, 602 (Wis. 2000). Knowlin filed a § 2254 petition in federal court instead. He asserted that his parole was revoked based on vague and overbroad rules of supervision; that the state had not proved any violation of those rules; and that he was denied his due process right during the proceedings to confront his accusers. Knowlin asked the district court to excuse his failure to petition in state court, *see* 28 U.S.C. §§ 2254(b)(1)(A), (3)(c), based on his inability to prepay the requisite filing fees under the Wisconsin Prison Litigation Reform Act. *See* Wis. Stat. § 801.02(7)(d). (He also filed several motions for injunctive relief against the revocation order.)

Two months after filing his § 2254 petition, Knowlin attempted to exhaust his state-law remedies by filing what he called a combined petition for habeas corpus and/or certiorari, along with a request to waive prepayment. *See* Wis. Stat § 814.29(3)(b). The state trial court construed the filing as a petition for certiorari, *see State ex rel. L'Minggio v. Gamble*, 667 N.W.2d 1, 6 (Wis. 2003) (directing courts to construe pro se petitions based on the substance of their allegations rather than their "label"), and dismissed it. Knowlin had 90 days to appeal the dismissal in the Wisconsin Court of Appeals but did not do so. *See* Wis. Stat. §§ 801.02(1), 808.03(1).

The district court dismissed Knowlin's habeas petition, finding his claims procedurally defaulted. Accepting the state's argument, the court determined that (1) Knowlin failed to timely present his claims to either the Wisconsin Court of Appeals or the Wisconsin Supreme Court, (2) the state trial court's decision rested on an adequate and independent state ground—the Wisconsin Prison Litigation Reform Act's prepayment requirement, Wis. Stat. §§ 801.02(7)(d)—and (3) Knowlin did not show cause and prejudice to excuse his default or a miscarriage of justice were the court to deny relief.

On appeal Knowlin maintains that he was recommitted based on unproven violations of facially unconstitutional state parole rules. He also argues that the prepayment requirement of Wis. Stat. §§ 801.02(7)(d) deprives indigent petitioners like him an opportunity to pursue habeas relief.

The district court properly dismissed Knowlin's § 2254 petition on the basis of procedural default. A petitioner must "fairly present[]" his constitutional claims through at least one complete round of the state's appellate review process before presenting the claims to a federal court for habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). This includes presenting the claims to the state's highest court in a petition for discretionary review. *Id*. By not appealing the dismissal of his certiorari petition, Knowlin procedurally defaulted his claims. *See* Wis. Stat. §§ 808.03(1), 808.10(1); 28 U.S.C. §§ 2254(b)(1)(A), (3)(c); *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) (reviewing Wisconsin law). And his default precluded the district court from reviewing the merits of his petition. *See Ross v. Lundy*, 455 U.S. 509, 518 (1982). Nor did he excuse his default by demonstrating either cause and prejudice for failing to appeal to the Wisconsin Court of Appeals or actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).

Knowlin points us to *Clifton v. Carpenter*, 775 F.3d 760, 767 (6th Cir. 2014), in which the Sixth Circuit reversed a procedural-default determination on grounds that Tennessee's prepayment requirement for filing habeas petitions, Tenn. Code § 41-21-812, "unconstitutionally blocked" an indigent prisoner's access to the courts and therefore was not an adequate and independent state ground for denying habeas review. We take no position on *Clifton*. But as the district court explained, Wisconsin does have a corrective process available for indigent petitioners who seek leave to proceed in civil suits without prepaying filing fees—Wis. Stat. § 814.29. Knowlin forfeited his right to use that process because he had incurred three strikes for filing matters that were dismissed as frivolous. § 801.02(7)(d). It was his three strikes, and not

his indigency alone, that barred him from being allowed to proceed without the prepayment. *See also State ex rel. Tayr Kilaab al Ghashiyan (Khan)*, 613 N.W.2d 203, 208 (Wis. Ct. App. 2000) (rejecting argument that Wisconsin PLRA suspended writ of habeas corpus); *Adell v. Smith*, 618 N.W.2d 208, 211 (Wis Ct. App. 2000) (§ 801.02(7)(d) does not apply to appeals).

Finally, Knowlin argues that the district court should have considered his multiple motions for equitable relief. But the "right way to contest ongoing state custody" is through a § 2254 petition, not an injunction, and so the district court properly denied these as duplicative of his habeas petition. *Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 670 (7th Cir. 2018).

We have reviewed his remaining claims, and none has merit.

AFFIRMED