**UNITED STATES of America, Plaintiff-Appellee,**

v.

**CENTRAL ADJUSTMENT BUREAU, INC., Central Associated Billing, Inc., and Central Adjustment Bureau, Inc., of Texas, Defendants-Appellants.**

No. 86–1880.

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1987.

Claude R. Wilson, Jr., Alan J. Hostetter, Dallas, Tex., for defendants-appellants.

James A. Rolfe, U.S. Atty., Dallas, Tex., Consumer Affairs Section, Raymond W. Philipps, U.S. Dept. of Justice, Consumer Affairs Section, Roger J. Fitzpatrick, Sharon Kurn, Federal Trade Com'n, Washington, D.C., for plaintiff-appellee.

Before RUBIN, GARZA, and JONES, Circuit Judges.

PER CURIAM:

The Court, having heard oral argument in this case and reviewed both the briefs and the pertinent portions of the record in the district court, has determined to affirm on the basis of the memorandum opinion written by the district court, to which we add the following:

The Fair Debt Collection Practices Act does not violate the equal protection clause by limiting its coverage to independent debt collectors. Because the purpose of the Act is to prevent abusive debt-collection practices and Congress identified independent debt collectors as the "prime

source of egregious collection practices," there is clearly a rational relationship between the Act's distinction among debt collectors and the underlying state interest. In its support, Central Adjustment Bureau cites *Smith v. Cahoon*, 283 U.S. 553, 51 S.Ct. 582, 75 L.Ed. 1264 (1931). Since deciding that case a half century ago, the Supreme Court has held that Congress can attack particular evils on a step by step basis. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 466, 101 S.Ct. 715, 725, 66 L.Ed.2d 659 (1981). Moreover, even if independent debt collectors are in fact less abusive than other debt collectors, it is sufficient that Congress reasonably believed independent collectors were more abusive. *Id.* at 469, 101 S.Ct. at 726. Finally, we need not subject the Act to scrutiny stricter than the standard of rational relationship. Deceptive commercial speech does not merit first amendment protection. *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557, 563, 566, 100 S.Ct. 2343, 2350, 2351, 65 L.Ed.2d 341 (1980).

Use of the term "deceptive" does not make the Act unconstitutionally vague on its face. Central Adjustment has not shown that the Act is impermissibly vague in its applications. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

The injunction satisfies the specificity requirements of Federal Rule of Civil Procedure 65(d). Although one paragraph taken alone may be written too broadly, the court clarified the boundaries of the injunction in fifteen other, quite specific paragraphs. *Medtronic, Inc. v. Benda*, 689 F.2d 645, 649 (7th Cir.1982), *cert. denied*, 459 U.S. 1106, 103 S.Ct. 731, 74 L.Ed.2d 955 (1983). Moreover, the degree of specificity here is appropriate in light of the commercial environment in which it applies. *Id.*

Additionally, the final judgment entered by the district court on October 28, 1986, is herewith modified as follows:

1. No provision in said judgment shall be construed to prevent Central Adjustment Bureau, Inc. or its co-defendants from using assumed names in order to gather information relative to debtors;

2. Paragraph 1(k) of the final judgment shall refer only to communications with the consumer—not to third parties "for the purpose of acquiring location information about the consumer"—as § 804(2) of the Fair Debt Collection Practices Act prohibits disclosure to third parties that the debt collector is involved in collecting a debt; and

3. Paragraph 1(m) of the final judgment is modified to provide, "Failing to give notice to the consumer of CAB's intent to deposit a post-dated check not more than ten nor less than three business days prior to deposit [applies only to defendant's Richmond Virginia office]."

The judgment of the district court is AFFIRMED, as modified.