Mariann PATZKA, Plaintiff,

v.

VITERBO COLLEGE and Security Credit Systems, Inc., Defendants.

No. 95–C–0381–C.

United States District Court, W.D. Wisconsin.

Feb. 27, 1996.

David M. McDorman, McDorman & Gillen, Madison, WI, for Mariann Patzka.

Ross Seymour, Davis, Birnbaum, Marcou, Seymour & Colgan, et al., LaCrosse, WI, for Viterbo College.

Robert B. Sommerstein, Dubin, Sommerstein & Hunter, Buffalo, NY, for Security Credit Systems, Inc.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action for monetary relief brought pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, plaintiff contends that defendants attempted to collect impermissible interest charges and collection fees on a college debt she incurred as a student. Plaintiff also brings supplemental state law claims pursuant to the Wisconsin Consumer Act, Wis.Stat. §§ 421–427.

Presently before the court is plaintiff's motion for partial summary judgment on the issue of defendants' liability and uncontested damages. I conclude that plaintiff has demonstrated that defendant Security Credit Systems, Inc. violated the Fair Debt Collection Act by attempting to collect interest and collection fees not permitted by state law. I conclude that defendant Viterbo College violated the Wisconsin Consumer Protection Act by charging and attempting to collect interest without fully disclosing these charges to plaintiff and by charging an impermissible collection fee. Therefore, plaintiff's motion for partial summary judgment will be granted.

## UNDISPUTED FACTS

Plaintiff resides in McFarland, Wisconsin. Defendant Viterbo College is a private college with its principal place of business in La Crosse, Wisconsin. Defendant Security Credit Systems, Inc. is a corporation organized under the laws of the state of New York. Its principal business activity is the collection of debts.

On or about January 11, 1986, plaintiff was notified of her opportunity to enroll in defendant Viterbo College. Classes began on January 13, 1986. On that day, plaintiff appeared at the college and registered for the first time. She was not told she would be charged any interest or collection fees, was not shown the college handbook and was not told that the handbook contained any terms relating to payment of tuition. Plaintiff did not receive any materials explaining the colleges' payment policy prior to January 13, 1986.

During registration, which had occurred a month earlier, defendant Viterbo College handed out the "Viterbo College Catalog," containing rules and regulations of the college. The college's payment policy is stated in the handbook as follows:

All expenses should be paid on or before registration day. Unless special arrangements have been made, a $500 minimum cash payment, exclusive of financial aid, must be made to enroll. Outstanding balances are subject to a service charge of 1½ percent per month, 18% per year.

In January 1986, plaintiff incurred a debt of $3,530.16 to Viterbo College for tuition, books, housing and meals. Interest began to accrue on this debt on February 28, 1986. The college charged interest on the $3,530.16 loan in the total amount of $2,253.55 at a rate of 18% per annum for the period of January 4, 1986 through April 30, 1989, making the total amount due on the loan $5,783.71. No more interest was added to plaintiff's account after May 5, 1989. Between January 1986 and April 1989, plaintiff paid $1,510.00 to Viterbo College. After receiving these payments, the college claimed plaintiff still owed $4,274.16. On April 10, 1989, the assistant business manager for defendant Viterbo College wrote plaintiff to inform her that the matter was going to be referred to a collection agency. Defendant Viterbo College threatened plaintiff with liability for all interest charges accruing at 18% and all collection costs if the debt was turned over to a collection agency.

In May 1989, Viterbo College assigned the account of $4,274.16 to defendant Security Credit. Before doing so, defendant Viterbo College assessed plaintiff a collection fee of 33% of the account total or $1,410.47, making the total amount allegedly owed $5,684.63.

Subsequently, plaintiff made over sixty payments to defendant Security Credit, amounting to $4,284.63, resulting in a remaining amount allegedly owed of $1,400.00. The payments made by plaintiff amounted to $3,530.61 in principal, $743.55 in interest and $10.47 of the collection fee.

In a notice dated August 26, 1994, defendant Security Credit demanded payment of the sum of $1,400.00 within five days and advised plaintiff to "consult your attorney regarding our client's potential remedies and your possible defenses if the total amount is not paid within five days."

On or about October 2, 1994, defendant Viterbo College received a "closed and return report" from defendant Security Credit. That report showed that plaintiff owed a balance of $1400.00 to defendant Security Credit and that defendant Security Credit had closed the account and recommended legal action. Plaintiff requested a breakdown of the alleged debt from defendant Security Credit but was told that she had to get that information from defendant Viterbo College. She was also told that in order to obtain information about her alleged indebtedness, she must first pay the amount in full.

Defendant Security Credit was one of three collection agencies used by defendant Viterbo College at this time. Defendant Viterbo College did not direct or control how defendant Security Credit was going to collect the debt. However, between May 1989 (when the matter was referred to defendant Security Credit) and September 18, 1994 (when plaintiff made her last payment), defendant Viterbo College had contacts with defendant Security Credit on the following occasions: 1) when it received periodic payments forwarded to it by defendant Security Credit; 2) when it contacted defendant Security Credit on September 8, 1994 and told it to hold off on its collection efforts; 3) when defendant Security Credit requested that the account be referred to defendant Viterbo College on October 2, 1994; and 4) when defendant Security Credit referred plaintiff to defendant Viterbo College for documents substantiating liability for the charges.

## OPINION

### A. Federal Claims Against Defendant Security Credit

■ The Fair Debt Collection Practices Act, 15 U.S.C. § 1692f provides:

1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Under this provision, it is unconscionable for a debt collector to collect any amount in excess of the principal amount of a loan, including collection charges, unless these charges are authorized expressly by the terms of the agreement creating or evidencing the debt or unless the charges are authorized explicitly by applicable state law. See Ralph C. Clontz, Jr., Federal Fair Lending and Credit Practices Manual, § 14.10[2][a] (1994). See also West v. Costen, 558 F.Supp. 564, 582 (W.D.Va.1983) (debt collectors cannot include in debt owed any flat-rate service fees that they could not lawfully collect under state law and governing contract).

■ 15 U.S.C. 1692e(2)(A) provides:

1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...

(2) The false representation of—

(A) the character, amount, or legal status of any debt....

An unintentional misrepresentation of the amount of the debt violates this section. See Clontz, supra, at § 14.09[3][a][ii]. However, debt collectors may avoid liability if they prove by a preponderance of the evidence

that any violation of this provision resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error. 15 U.S.C. § 1692k(c). The term "error" does not include mistakes of law. *Pipiles v. Credit Bureau Inc.*, 886 F.2d 22, 27 (2d Cir.1989); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 779 (9th Cir.1982); *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1167 (7th Cir.1974). Generally the term "error" is limited to clerical mistakes, such as a minor numerical mistake in transposing numbers. *See, e.g., Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032 (6th Cir.1992) ($10.00 discrepancy between amount actually owed and amount debt collector sought caused by clerical error).

█ It is undisputed that, in attempting to collect the principal debt, defendant Security Credit also attempted to collect a "collection fee." The document of reference that defendant Viterbo College sent to defendant Security Credit shows a collection fee assessed of $1,410.47. Wisconsin law prohibits the attachment of collection fees to consumer debts, even if the fee is separately negotiated, which in this case it was not. Plaintiff did not sign any agreement authorizing the collection fee. Wis.Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

*See also* Wis.Stat. § 422.411(1) ("no term of a writing may provide for the payment by the customer of attorney's fees"). In addition, Wis.Stat. § 422.202, entitled "Additional charges," does not list collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

█ However, even assuming that a "collection fee" was permissible, the Wisconsin Consumer Act requires that when a creditor and a customer establish an "open-end credit account," the interest rates and all charges and fees that might be levied on the account must be disclosed to the consumer on the face of the writing evidencing the transaction before the transaction is consummated. Wis.Stat. §§ 422.302(2); 422.308(1), (2). *See also Severson Agri–Service, Inc. v. Lander,* 172 Wis.2d 269, 273, 493 N.W.2d 230, 232 (Ct.App.1992) (interest rate void for lack of proper notice). An open-end credit plan is defined as consumer credit extended on an account in which 1) the creditor may permit the customer to make purchases or obtain loans directly from the creditor or indirectly by use of a credit card, check or other device; 2) the customer has the privilege of paying the balance in full or in installments; 3) a finance charge may be computed by the creditor on an outstanding unpaid balance; and 4) the creditor has treated the transaction as open-end consumer credit for purposes of federal law disclosure requirements. Wis. Stat. § 421.301(27)(a). Both parties agree that an open-end credit account was the arrangement between plaintiff and defendant Viterbo College. It is undisputed that plaintiff did not receive the student handbook disclosing the interest rate applicable to her loan and that she was never informed of this rate. Consequently, I conclude that defendant Security Credit is liable to plaintiff for collecting $743.55 in interest and $10.47 in collection fees, totaling $754.02.

█ The principal debt before any payments was $3,530.61. It is undisputed that defendant Viterbo College charged plaintiff $2,253.55 in interest, of which plaintiff paid $1,510.00 before the account was assigned to defendant Security Credit. When the account was assigned, plaintiff allegedly still owed $743.55 in interest. Defendant Viterbo College assigned an amount of $4,274.16 to defendant Security Credit, representing the principal of $3,530.61, plus interest of $743.55. Plaintiff paid a total sum of $4,284.63 to Security Credit. Deducting the assigned amount of principal and interest from this amount ($4,284.63 − $4,274.16) results in the application of $10.47 to the collection fee. Thus, defendant Security Credit is liable for collecting $743.55 in interest not authorized by law and $10.47 in collection fees. It is unclear from the facts whether defendant Viterbo College has been reim-

bursed for this amount from defendant Security Credit. Plaintiff is entitled to collect this amount from the appropriate defendant.

■ Finally, 15 U.S.C. § 1692e(5) prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken." This section applies to both explicit and veiled threats of unintended legal action. *See, e.g., Pipiles,* 886 F.2d at 25 (reference to taking "action" implied that some type of legal action has been or would be initiated). This section has been construed to prohibit threats that legal action is imminent when in fact the creditor does not intend to bring an action as promptly as implied. *See, e.g., Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1177 (11th Cir.1985) (triable issue as to intent behind two letters one month apart threatening to recommend legal action to creditor within five days); *United States v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370, 376 (N.D.Tex.1986); *aff'd per curiam,* 823 F.2d 880 (5th Cir.1987) (debt collector violated statute by threatening suit before it was authorized by creditor).

■ It is undisputed that defendant Security Credit sent a letter to plaintiff dated August 26, 1994, demanding the payment of $1,400.00 and stating that plaintiff should "consult [her] attorney regarding our client's potential remedies and your possible defenses if the total amount is not paid within five days." This amount represented the remainder due of the collection costs imposed by defendant Viterbo College. Because this collection cost is prohibited by state law, defendant Security Credit could not take legal action on this amount. Therefore, I conclude that defendant Security Credit violated 15 U.S.C. § 1692e(5) by threatening to take legal action upon the $1,400.00 collection fee.

### B. *State Law Claims Against Defendant Viterbo College*

#### 1. *Statute of limitations*

■ As a threshold question, defendant Viterbo College contends that plaintiff's claim under Wisconsin law is barred by the two year statute of limitations for open-end credit plans. Wis.Stat. § 425.307(1) provides:

(1) Any action brought by a customer to enforce rights pursuant to chs. 421 to 427 shall be commenced within one year after the date of the last violation of chs. 421 to 427, 2 years after consummation of the agreement, or one year after last payment, whichever is later, except with respect to transactions pursuant to open-end credit plans which shall be commenced within 2 years after the date of the last violation. . . .

Plaintiff argues that hers are contractual claim for the return of sums paid but not due; consequently, the applicable statute of limitations should be six years. Wis.Stat. § 893.43. However, it is well established that when two statutes conflict, the more specific statute will apply over the general statute. *Mack v. Joint School Dist. No. 3,* 92 Wis.2d 476, 490, 285 N.W.2d 604, 611 (1979). Because Wis.Stat. § 425.307(1) applies specifically to open-end credit plans, whereas Wis. Stat. § 893.43 applies generally to contract actions, the two-year statute of limitations applies to plaintiff's state law claims.

■ Plaintiff commenced this action on May 30, 1995. Unless the last violation occurred after May 30, 1993, she is barred from pursuing her state law claims. Defendant Viterbo College argues that it stopped charging interest on April 30, 1989, leaving a balance of $743.55 in interest to be paid when it turned the debt over to Security Credit. Defendant Viterbo College contends that plaintiff's payments to defendant Security Credit were applied to interest first; plaintiff's continued payments to defendant Security Credit paid the remaining interest in full by January 1991. Consequently, defendant argues, there was no charging of illegal interest after January 1991. However, although plaintiff agrees that her payments to defendant Viterbo College of $1,510.00 were applied to the total amount of interest charged of $2,253.55 (leaving a remaining amount of interest of $743.55 that was turned over to defendant Security Credit), it is unclear whether defendant Security Credit continued to apply plaintiff's subsequent payments to interest or whether the payment was deducted from the total amount allegedly owed (consisting of principal, interest and the collection fee). In

fact, defendant Security Credit's account history suggests that plaintiff's payments to defendant Security Credit were not applied separately to interest and principal but were deducted from the total amount owed. It is undisputed that plaintiff's total payments to defendant Security Credit, amounted to $3,530.16 in principal, $743.55 in interest and $10.47 in collection fees. Thus, the payments appear to have been applied first either to the interest or the principal, since both were paid in full, leaving only the collection fee outstanding. However, since the facts do not reveal whether the payments to defendant Security Credit were applied to the interest first, I will assume without deciding that defendant Security Credit continued to apply plaintiff's payments to the interest allegedly owed up through the applicable statutory period beginning on May 30, 1993.

It is undisputed that Viterbo College is a "debt collector" under Wis.Stat. § 427.103, which defines debt collector as "any person engaging, *directly or indirectly*, in debt collection...." (Emphasis added.) The question is whether defendant Viterbo College violated Wisconsin debt collection provisions by acting indirectly through its agent, defendant Security Credit, in collecting the interest and collection fee. Defendant Viterbo College argues that there was no agency relationship between it and defendant Security Credit and the actions of defendant Security Credit cannot be construed as the actions of defendant Viterbo College for purposes of the statute of limitations. Instead, defendant Viterbo College contends, defendant Security Credit acted as an independent contractor.

 An agency relationship results from the manifestation of consent by one person to another that the other shall act on the person's behalf and be subject to the person's control. *Restatement (Second) of Agency* § 1(1) (1958). By contrast, an independent contractor is a person who contracts with another to do something but is not controlled by the other person with respect to his or her physical conduct in the performance of the undertaking. *Id.* at § 2(3). Student loan debt collectors have been held to be agents of creditors. *See Haile v. New*

*York State Higher Education Services Corp.,* 90 B.R. 51, 55 (W.D.N.Y.1988) (collection agency hired by creditor for purpose of collecting debtor's unpaid student loan was agent of creditor). Although defendant Viterbo College did not direct or control the manner in which defendant Security Credit was to collect the debt, it did require that defendant Security Credit collect the debt, it received plaintiff's payments from defendant Security Credit, and it told defendant Security Credit to hold off on its collection efforts and functioned as the primary source of information about plaintiff's debt.

 Where defendant states a prima facie defense based on the statute of limitations, the party opposing summary judgment has the burden of establishing the existence of disputed material facts to defeat summary judgment. *Claypool v. Levin,* 195 Wis.2d 535, 546, 536 N.W.2d 206, 210 (Ct.App.1995), *review granted,* — Wis.2d ——, 542 N.W.2d 154 (Wis., Nov. 14, 1995). Defendant Viterbo College did not submit any conclusive proof that defendant Security Credit was hired as an independent contractor rather than as its agent, such as a contract specifying the nature of the relationship. In addition, collection agencies have been held to be agents of creditors. *Haile,* 90 B.R. at 55. As a matter of public policy, holding creditors liable for the acts of collection agencies they utilize on a regular basis advances the purposes of the fair debt collection statutes, which are to protect consumers from abusive, unfair or unconscionable collection practices. The collection of student loan debts is a profitable business and the student consumer is at a particular disadvantage relative to other debtors because student loan debts are not dischargeable in bankruptcy. Furthermore, creditors can exercise considerable control over the collection agencies they hire. Creditors are able to protect themselves for potential lawsuits; the terms of the contractual agreement with the collection agency and indemnification provisions are two such protective measures. Therefore, I conclude that defendant Security Credit functioned as defendant Viterbo College's agent and that defendant Viterbo College's violations of the

Wisconsin Consumer Act are not barred by the two-year statute of limitations.

## 2. *Liability for interest charges*

■ Interest charges are permissible "finance charges" under Wisconsin law. Wis. Stat. § 421.301(20)(a). However, disclosures must be made to the customer of the annual financial rate, whether the finance rate will vary, how increases in the interest rate will be determined and their effects, the date on which the finance charge begins to accrue, whether an annual fee is charged and the amount and purpose of any "other" charges. Wis.Stat. § 422.308(1), (2). In addition, the Wisconsin Consumer Protection Act incorporates by reference all disclosures required by the Federal Consumer Credit Protection Act. *See* 12 C.F.R. §§ 226.5—226.16.

The information that must be disclosed by a creditor to a customer "Shall be made clearly and conspicuously" and "Shall be in writing." Wis.Stat. § 422.302(1)(a), (b). In addition, the creditor is required to disclose all information before the transaction is consummated. Wis.Stat. § 422.302(2). Defendant Viterbo College did not meet these state law notice requirements. The undisputed facts reveal that plaintiff was not referred to the college manual and never saw the manual. Defendant Viterbo College failed to disclose to plaintiff before the transaction by clear and conspicuous means in writing the interest being charged. Consequently, I conclude that the interest charged by defendant Viterbo College is not an enforceable debt. Plaintiff is entitled to a refund from defendant Viterbo College of the $1,510.00 in interest she paid between January 1986 and April 1989 and any portion of the $743.55 in interest she paid to defendant Security Credit that was turned over to defendant Viterbo College.

■ In addition, plaintiff contends that defendant Viterbo College violated Wis.Stat. § 427.104(1)(j), which provides:

(1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction where there is an agreement to defer payment, a debt collector shall not: . . .

(j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist. . . .

Because defendant Viterbo College attempted and threatened to enforce its right to collect interest on the principal debt, I conclude that it violated Wis.Stat. § 427.104(1)(j). Plaintiff is entitled to the statutory remedies available under Wis.Stat. § 427.105 for a violation of this section.

## 3. *Defense of mistake*

■ Wis.Stat. § 422.308(4) provides, "A violation of this section is subject to s. 425.304 unless the violation was the result of an unintentional good faith error." Defendant Viterbo College argues that if it did violate the disclosure requirements, it did so unintentionally and in good faith and should be subject to the "good faith error" exception, but it is undisputed that plaintiff did not register for classes until after the standard registration period and defendant does not suggest that it has any procedure in place for ensuring that students are given the college handbook when they register late. I conclude from this that defendant may not resort to the "good faith error" defense.

## ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED. Plaintiff is entitled to a refund of $1,510.00 in interest paid to defendant Viterbo College between January 1986 and April 1989. Plaintiff is entitled to a refund of $743.55 in interest paid to defendant Security Credit Systems, Inc. and is entitled to collect that amount from the appropriate defendant. Finally, plaintiff is entitled to the return of $10.47 she paid in collection fees to defendant Security Credit Systems, Inc. With regard to the remaining statutory damages, a trial is scheduled for March 18, 1996. A decision on the issues of attorney fees and costs will be stayed until after the trial.