**Susan HOLLAND, Plaintiff,**

v.

**BUREAU OF COLLECTION RECOVERY, Defendant.**

Case No. 8:10–cv–2632–T–26TGW.

United States District Court, M.D. Florida, Tampa Division.

Aug. 2, 2011.

Shireen Hormozdi, Krohn & Moss, Ltd., Los Angeles, CA, for Plaintiff.

Ernest H. Kohlmyer, III, Mary Grace Dyleski, South Milhausen, PA, Orlando, FL, for Defendant.

### ORDER

RICHARD A. LAZZARA, District Judge.

**THIS CAUSE** comes before the Court on Defendant's motion for summary judgment with supporting memorandum of law (Dkt. 15) and statement of undisputed facts with exhibits (Dkt. 17). Plaintiff filed a memorandum in opposition with exhibits (Dkt. 29) and a statement of disputed facts (Dkt. 30).

Plaintiff, Susan Holland, filed this cause of action against Defendant, Bureau of Collection Recovery, pursuant to the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 *et seq.* ("the FDCPA"). She asserts that she is a "consumer" as the term is defined by § 1692a(3) of the FDCPA, that Defendant is a "debt collector" as the term is defined by § 1692a(6), and that according to Defendant, she owes a "debt" as that term is defined by § 1692a(5). She claims that Defendant vi-

olated § 1692d by engaging in conduct of which the natural result is abuse and harassment; violated § 1692d(5) by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass her; violated § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity in that Defendant's representatives failed to state that the calls were from Bureau of Collection Recovery; violated § 1692e(10) by using deceptive means in an attempt to collect a debt because Defendant called Plaintiff and failed to leave a voicemail message when calls were not answered; violated § 1692e(11) by failing to disclose that the call is from a debt collector; and violated § 1692g(a)(1–5) by failing to provide appropriate notice of the debt within five days after the initial communication.

Plaintiff alleges that in August 2010 she began receiving multiple telephone calls at her home from Defendant seeking and demanding payment of a consumer debt. She alleges that Defendant called her over 30 times in a span of less than two months. She adds that Defendant called her multiple times per day and that during the initial calls, Defendant's telephone representatives failed to identity who they were and that they were with a debt collection company. Plaintiff alleges that a representative eventually told her in one of the calls that she owed $2,000.00 for AT & T telephone services. Plaintiff alleges that she told Defendant's representative she did not owe the debt because she paid her AT & T cell phone account in full prior to closing it. Plaintiff alleges that she further told Defendant to stop contacting her and to send her proof of the debt. Defendant allegedly did not send Plaintiff any proof that she owed the debt. Plaintiff alleges that instead, Defendant continued calling her seeking and demanding payment for the alleged debt. She adds that in subsequent communications, Defendant

did not disclose to her that they were a debt collection company.

Defendant seeks the entry of final summary judgment in its favor on grounds that there is no evidence of a "debt" as defined by the FDCPA, that Plaintiff fails to demonstrate the type of harassing, abusive, or oppressive language or conduct necessary to establish that Defendant violated the FDCPA, that Defendant's representatives did in fact disclose their identity and that choosing not to leave voicemail messages did not violate the FDCPA, and that on May 4, 2010, Defendant issued written notice of the debt to Plaintiff's son's address, which was the address it had on account, containing all of the language necessary to comply with the FDCPA.

### Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted). On a motion for summary judgment, the court must review the record, and all its inferences, in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Having done so, the Court finds the existence of genuine issues of fact that preclude the entry of final summary judgment in favor of Defendant in this case.

### Discussion

■■■ Alleged FDCPA violations are to be evaluated under the "least sophisticated debtor" standard. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172–1175 (11th Cir. 1985). A court must ask whether the actions of the debt collector were harassing to the least sophisticated debtor. *Id.* The

least sophisticated debtor standard is objective and meant to protect all consumers, "the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006). Plaintiff testified that she received "at least 30 or more" telephone calls on her home telephone from Defendant trying to collect on what was eventually disclosed to be an AT & T cellular telephone bill. (*See* Dkt. 29, Ex. "A", Plaintiff's Deposition, 11:5–7.) Plaintiff used her cellular telephone services for personal, family, and household purposes, not for any business purposes. (*See id.* at Ex. "E", Plaintiff's Declaration.) Under 15 U.S.C. § 1692(a)(5), a debt means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." It is clear that Defendant was attempting to collect a consumer debt from Plaintiff on behalf of AT & T.

■■■ Section 1692d of the FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to annoy, harass or abuse." Given the least sophisticated debtor standard, the Court must find that genuine issues of material fact exist as to whether Defendant's debt collection practices violate the FDCPA. The Eleventh Circuit Court of Appeals has held that a debt collector's intent to annoy, abuse, or harass a consumer may be inferred by examining the nature and frequency of debt collection calls. *Meadows v. Franklin Collection Service*, 414 Fed.Appx. 230 (11th Cir.2011). Further, numerous courts have held that such intent is a question of fact for the jury. *Akalwadi v. Risk Mgmt. Alterna-*

*tives, Inc.*, 336 F.Supp.2d 492, 505 (D.Md. 2004); *Kavalin v. Global Credit & Collection Corp.*, 2011 WL 1260210, at *4 (W.D.N.Y.2011); *Rucker v. Nationwide Credit, Inc.*, 2011 WL 25300, at *2 (E.D.Cal. Jan. 5, 2011); *Clark v. Quick Collect, Inc.*, 2005 WL 1586862, at *4 (D.Or.2005)

Plaintiff testified that out of the approximately 30 phone calls made by Defendant she had approximately 15 conversations with Defendant's representatives regarding the alleged debt. (See Ex. "A", 11:11–14.) She avers that in each conversation she told them that she did not owe the debt and to stop contacting her. (*See* Dkt. 29, Ex. "E", Plaintiff's Declaration.) Despite Plaintiff's request that Defendant cease calling, Defendant is alleged to have called Plaintiff at least 29 more times. (*See id.*) Plaintiff believed that the mere placement of the telephone calls was harassing and that the number of telephone calls alone evidenced Defendant's intent to abuse her. (*See id.*) She testified that she hired an attorney because of the constant calls. (*See id.* at Ex. "A", Plaintiff's Deposition, 19:9–14.) In *Meadows,* the court specifically rejected a defendant debt collector's claim that its calls were not harassing because the plaintiff did not answer them. 414 Fed.Appx. at 234–35 (holding that the [FDCPA] itself recognizes that answering the phone is not necessary for there to be harassment). In the instant case, Plaintiff asserts that Defendant's representatives continued to call her without sending proof of an outstanding debt after she advised them that she did not owe the debt and to stop calling her. While recognizing that a debt collector should be afforded the opportunity to place follow up calls to a number to determine whether that number is correct, the Eleventh Circuit has held that the matter of whether the follow up activities are reasonable is a factual dispute. *Id.*

As Plaintiff points out, the majority of courts throughout the nation recognize that whether the nature and frequency of debt collection calls constitutes harassment is also a fact issue for the jury. *See Meadows,* 414 Fed.Appx. 230; *Rucker,* 2011 WL 25300, at *2; *Brown v. Hosto & Buchan, PLLC,* 748 F.Supp.2d 847, 852 (W.D.Tenn., Nov., 2, 2010); *Valentine v. Brock & Scott, PLLC,* 2010 WL 1727681, at *4, 2010 U.S. Dist. Lexis 40532, at *11 (D.S.C.2010); *Krapf v. Nationwide Credit, Inc.,* 2010 WL 2025323, at *3–4 (C.D.Cal. 2010); *Kerwin v. Remittance Assistance Corp.,* 559 F.Supp.2d 1117, 1124 (D.Nev. 2008); *Prewitt v. Wolpoff & Abramson, LLP,* 2007 WL 841778, at *3 (W.D.N.Y. 2007); *Akalwadi,* 336 F.Supp.2d at 506; *Joseph v. J.J. Mac Intyre Companies, LLC,* 238 F.Supp.2d 1158, 1168 (N.D.Cal. 2002); *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1453 (D.Nev.1994); *United States v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370, 376 (N.D.Tex. 1986), *aff'd,* 823 F.2d 880 (5th Cir.1987).

■ The Court also finds that a genuine issue exists as to whether Defendant violated § 1692d(6) by failing to disclose its identity to Plaintiff when it called. The plain language of the statute makes it clear that meaningful disclosure must be made when "placing telephone calls" and not just in communications. Plaintiff testified that Defendant's representatives did not give her the name of the company from which they were calling. (See Ex. "A", 22–23: 25–13.) Further, the matter of whether Defendant violated § 1692e(10) when it called and failed to leave a voice mail message for Plaintiff is a question of fact for the jury. To state a valid claim under subsection (10), a plaintiff must show only that the misrepresentation would have deceived or misled the least sophisticated consumer. *See Jeter,* 760 F.2d at 1177 (11th Cir.1985); *see also Turner v.*

*J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir.2003). The matter of whether a false representation or deceptive means to collect a debt violates § 1692e(10) has been determined by at least one court to be a question of fact. *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1115 (C.D.Cal.2005).

█ Plaintiff also presents sufficient evidence to raise a genuine issue of material fact as to whether Defendant failed to disclose they were a debt collector in subsequent communications in violation of § 1692e(11) of the FDCPA. Under § 1692e(11), a debt collector is required to disclose in all subsequent communications that the communication is from a debt collector. Plaintiff avers that Defendant failed to disclose the requisite information during telephone calls with her. She testified that Defendant would not identify themselves and would only state that she owed a debt from AT & T. (*See* Ex. "A", Plaintiff's Deposition, 22–23:25–4.) Plaintiff further testified that Defendant's representatives would not state they were calling from a debt collection agency. (*See id.* at 24:6–9.)

Plaintiff voluntarily withdraws her § 1692g claim for failure to provide appropriate notice of the debt within five days after the initial communication.

**ACCORDINGLY,** it is **ORDERED AND ADJUDGED:**

Defendant's motion for summary judgment (Dkt. 15) is granted in part and denied in part. The motion is granted as to Plaintiff's claim that Defendant violated § 1692g of the FDCPA. The motion is denied in all other respects.