In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3665

TIMOTHY PARENT, et al.,

*Plaintiffs-Appellants*,

*v.*

HOME DEPOT U.S.A., INCORPORATED,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 1:09-CV-00951-WCG—**William C. Griesbach**, *Judge*.

ARGUED APRIL 13, 2012—DECIDED SEPTEMBER 24, 2012

Before BAUER, KANNE, and TINDER, *Circuit Judges*.

BAUER, *Circuit Judge*.    Plaintiffs-appellants, Timothy and Brenda Parent ("the Parents"), filed a lawsuit in Wisconsin state court against Citibank and defendant-appellee, Home Depot, for violations of the Wisconsin Consumer Act ("the Act"). The case was removed to district court where all claims against Citibank were dismissed, as were multiple claims against Home Depot. After discovery, the district court granted Home

Depot's motion for summary judgment on the remaining claims. The Parents appealed; we affirm.

## I. BACKGROUND

In August 2002, Brenda Parent applied for and received a Home Depot credit card issued by Citibank. The card bore Home Depot's name and could only be used for purchases at Home Depot. Brenda and her husband Timothy, the owner of Crivitz Log Cabins LLC ("CLC"), were the only authorized users of the card. In April 2005, Dr. Lee Krahenbuhl, who also had a Citibank-issued Home Depot credit card, entered into an agreement with CLC to build a log cabin for speculative resale. A log cabin package was purchased over the phone from Home Depot for $9,761.64 and charged to Krahenbuhl's Home Depot credit card. The record indicates that the log cabin package materials were approved by, delivered to, and signed for by either Timothy Parent or another authorized representative of CLC. CLC eventually built and sold the log cabin.

Within a few months, the business relationship between Krahenbuhl and CLC deteriorated, and Krahenbuhl disputed the $9,761.64 charge with both Home Depot and Citibank. In October 2005, Citibank investigated the $9,761.64 charge on Krahenbuhl's account. Based on its findings, which included customer order forms and documents bearing Timothy Parent's signature, Citibank transferred the charge from Krahenbuhl's Home Depot credit card to the Parents' Home Depot credit card.

By September 2006, CLC and Krahenbuhl were litigating their dispute in Brown County Circuit Court. Eventually they reached a settlement agreement through mediation, which the Parents say they thought included payment of the $9,761.64 credit card charge. It was not until almost one year later, the Parents say, that they became aware that the $9,761.64 charge had been transferred to their own Home Depot account. Over the course of several months, the Parents challenged the charge's validity to both Citibank and Home Depot and demanded that it be removed. Neither Citibank nor Home Depot agreed and the charge remained.

Over time, the $9,761.64 balance accrued interest, resulting in a total sum of approximately $21,000. The Parents' refusal to pay began to negatively impact their credit and as a result they could no longer obtain the credit they needed to operate their other business ventures. In light of this, the Parents brought a lawsuit in Wisconsin state court naming both Citibank and Home Depot as defendants and asserting violations of the Wisconsin Consumer Act. The Parents claimed that the stress brought on by their financial setbacks resulted in severe emotional distress, and that the damage done to their credit together with the $9,761.64 charge, entitled them to statutory and compensatory damages exceeding $75,000. Citibank removed the suit to federal court. On June 11, 2010, Citibank was dismissed from the lawsuit.

Among the claims remaining against Home Depot were violations of the following sections of the Wisconsin Consumer Act:

Wis. Stat. § 427.104(1)(j) which states, "[i]n attempting to collect an alleged debt arising from a consumer credit transaction or another consumer transaction . . . where there is an agreement to defer payment, a debt collector may not: . . . (j) [c]laim, or attempt to threaten to enforce a right with knowledge or reason to know that the right does not exist;

Wis. Stat. § 427.104(1)(c), which prohibits "[d]isclos[ing] or threaten[ing] to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false"; and

Wis. Stat. § 421.108 which states, "[e]very agreement or duty within chapters 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith' means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

After sufficient discovery, Home Depot moved for summary judgment. The district court granted the motion based on the Parents' inability to present a triable issue of fact. The district court ruled that the Parents had failed to present sufficient evidence in support of their claims that Home Depot had acted either directly or indirectly in an attempt to collect a debt. The district court's ruling stated that Home Depot must have attempted to collect a debt before a jury could find it guilty of violating the aforementioned statutes.

## II. ANALYSIS

The Parents argue they submitted sufficient evidence to proceed to trial and that the district court improperly ruled in favor of Home Depot on summary judgment. The critical issue on which the district court ruled, and which we review first, is whether or not the Parents presented sufficient evidence upon which a jury could conclude that Home Depot was acting to collect a debt. We then review whether Home Depot violated its obligation of good faith, and whether the district court's grant of summary judgment was based on improper evidence.

We review a district court's grant of summary judgment *de novo* and draw all reasonable factual inferences in favor of the nonmoving party. *Mercatus Group, LLC v. Lake Forest Hosp.*, 641 F.3d 834, 839 (7th Cir. 2011). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The mere existence of a factual dispute is insufficient to overcome a motion for summary judgment; instead the

nonmovant must present definite, competent evidence in rebuttal. *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). As such, we will only reverse if we find that a reasonable jury could have found in favor of the Parents. *See Mercatus*, 641 F.3d at 839.

In its ruling on summary judgment, the district court properly noted that the Parents' first two claims, asserting violations of Wis. Stat. §§ 427.104(1)(c) and (j), *supra*, at a minimum required an attempt at debt collection by Home Depot. The Act defines *debt collection* as "any action, conduct or practice of soliciting claims for the collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer." Wis. Stat. § 427.103(2). Similarly, the Act defines *debt collector* as "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims." Wis. Stat. § 427.103(3).

To support their claim that Home Depot acted as a debt collector, the Parents relied heavily on *Patzka v. Viturbo College,* 917 F. Supp. 654 (W.D. Wis. 1996), claiming that Home Depot and Citibank were engaged in an agency relationship.

In *Patzka*, the plaintiff brought a lawsuit against Viturbo College and the debt collection agency the college hired, Security Credit. The plaintiff argued that the defendants had attempted to collect unauthorized interest and collection fees on the plaintiff's student loan, in violation of the Federal Fair Debt Collection Practices

Act and the Wisconsin Consumer Act; the court granted the plaintiff partial summary judgment. *Patzka*, 917 F. Supp. at 657. In *Patzka*, it was undisputed that Viturbo College was considered a debt collector under the Wisconsin Consumer Act. *Id*. at 661. The court defined an agency relationship as one which "results from the manifestation of consent by one person to another that the other shall act on the person's behalf and be subject to the person's control." *Id*. The district court determined that Security Credit was an agent of Viturbo College, in part because "[Viturbo College] require[d] that . . . Security Credit collect the debt, that [Viturbo College] received plaintiff's payments from . . . Security Credit, and [that Viturbo College] told . . . Security Credit to hold off on its collection efforts and functioned as the primary source of information about the plaintiff's debt*." Id*. Viturbo College hired Security Credit to act on its behalf, though Viturbo College actively involved itself in the collection process too, even if only indirectly.

The Parents claim that the relationship between Home Depot and Citibank was analogous to the one in *Patzka*. It is not. Attached to their motion for summary judgment, Home Depot submitted the affidavit of Elizabeth Barnette, who testified on behalf of Citibank. In her affidavit, Barnette clarified the relationship between Citibank and Home Depot. She stated that it was Citibank, and not Home Depot, that issued the Parents' credit card, that owned and maintained the Parents' credit card account, that entered into the cardholder agreement with the Parents, that assessed interest, and that supplied information to credit reporting agencies.

Thus, as the district court stated, the debt in question is ultimately "owed to Citibank, not to Home Depot—which did not extend any credit to [the Parents] itself."

In response, the Parents argued that Home Depot necessarily had a direct monetary interest in Citibank's recovery of the original $9,761.64 debt because of their reliance on Citibank to be paid for the sale of merchandise, specifically the log cabin materials. So, the Parents claim any interactions between Home Depot and the Parents qualified as an attempt to collect its debt. But whether or not Home Depot relied on Citibank to get paid for their sales is irrelevant; the Parents failed to present any competent evidence that Home Depot attempted to collect a debt from them. Without such evidence, a reasonable jury could not conclude that Home Depot violated the Wisconsin Consumer Act.

Next, the Parents argue that the district court improperly granted summary judgment with respect to their claim that Home Depot violated Wis. Stat. § 421.108. As the district court stated, this section of the Wisconsin Consumer Act imposes an obligation of good faith with respect to the performance or enforcement of duties or agreements within Chapters 421-427 of the Act. The Parents argued at summary judgment, and argue again on appeal, that Home Depot violated § 421.108 by lying to the Parents, falsely informing Citibank about the nature of their debt, and assisting Citibank in their attempt to collect the $9,761.64 debt. Putting aside the fact that the Parents do not point to any specific duty which Home Depot had an obligation to perform or

enforce in good faith, the Parents have failed to back up their allegations of bad faith and dishonesty with definite and competent evidence as required to survive the motion for summary judgment. The district court's grant of summary judgment was proper.

In their final argument, the Parents state that the district court improperly relieved Home Depot of their burden of production and relied on inadmissible evidence when ruling on summary judgment. Therefore, the Parents claim, they were relieved of their burden of proof. The Parents are incorrect. The district court did not relieve Home Depot of their responsibility to "identify[] those portions of [the record] which it believe[d] demonstrate[d] the absence of genuine issue of material fact," nor did the court improperly rely on inadmissible evidence, nor were the Parents then relieved of their burden to produce evidence sufficient "to establish the existence of an element essential to [their] case"; a task with which they proved unsuccessful. *See Celotex*, 477 U.S. at 322-23. It is not necessary to determine the admissibility of each piece of evidence attached to Home Depot's motion for summary judgment. Home Depot argued that it was not liable for the specific violations of the Wisconsin Consumer Act asserted in the Parents' complaint because it never attempted to collect a debt, nor was it ever the owner of the debt in question. When ruling on the Parents' motion for reconsideration, the district court stated the primary reason for the grant of summary judgment was the Parents' failure to present evidence to counter the motion.

### III. CONCLUSION

For the reasons stated herein, we AFFIRM the judgment of the district court.